1   [PURSUANT TO LOCAL RULE 3-4(a)(1),
    NAMES AND ADDRESSES OF COUNSEL
2   AND NAMES OF PARTIES APPEAR ON
    SIGNATURE PAGE.]
3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        OAKLAND DIVISION

11  SONY COMPUTER ENTERTAINMENT            Case No. C 04-4200 CW
    AMERICA INC., a Delaware corporation,
12                                         **E-FILING**
                Plaintiff,
13                                         **STIPULATED PROTECTIVE ORDER**

14        v.                               Judge:      Hon. Claudia Wilken
                                           Courtroom:  2, 4th Floor
15  DIVINEO INC., a Canadian corporation;
    DIVINEO U.K., an entity of unknown form;
16  DIVINEO S.A.R.L., a French corporation,
    doing business as Divineo Online; FREDERIC
17  LEGAULT, individually and doing business as
    Divineo Inc.; MAX LOUARN, individually and
18  doing business as Divineo U.K., Divineo
    S.A.R.L., and Divineo Online; and DOES 1
19  through 10,

20              Defendants.

21

22

23

24

25

26

27

28

1    1.    <u>PURPOSES AND LIMITATIONS</u>

2        Disclosure and discovery activity in the above-entitled action (the "Action") are likely to

3    involve production of confidential, proprietary, or private information for which special

4    protection from public disclosure and from use for any purpose other than prosecuting this

5    Action would be warranted.  In addition, the parties contemplate that non-parties may

6    produce confidential information that should also be subjected to limited disclosure and use.

7    Accordingly, the parties hereby stipulate to and petition the Court to enter the following

8    Stipulated Protective Order (the "Order").  The parties acknowledge that this Order does not

9    confer blanket protections on all disclosures or responses to discovery and that the

10   protection it affords extends only to the limited information or items that are entitled under the

11   applicable legal principles to treatment as confidential.  The parties further acknowledge, as

12   set forth in Section 10 below, that this Order creates no entitlement to file confidential

13   information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed

14   and reflects the standards that will be applied when a party seeks permission from the Court

15   to file material under seal.

16   2.    <u>DEFINITIONS</u>

17       2.1    <u>Party</u>:  any party to this Action, including all of its officers, directors,

18   employees, consultants, retained experts, and  Counsel (and their support staff).

19       2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of

20   the medium or manner generated, stored, or maintained (including, among other things,

21   testimony, transcripts, or tangible things) that are produced or generated in disclosures or

22   responses to discovery in this Action.

23       2.3    <u>"Confidential" Information or Items</u>:  information (regardless of how

24   generated, stored or maintained) or tangible things that qualify for protection under standards

25   developed under F.R.Civ.P. 26(c).

26       2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:

27   extremely sensitive "Confidential" information or items, the disclosure of which to another

28   Party or non-party would create a substantial risk of serious injury to the Producing Party.

2.5    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this Action.

2.7    <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9    <u>Outside Counsel</u>:  attorneys who are not employees of a Party, but who are retained to represent or advise a Party in this Action.

2.10   <u>House Counsel</u>:  attorneys who are employees of a Party.

2.11   <u>Counsel</u> (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this Action.

2.13   <u>Professional Vendors</u>:  persons or entities that provide  litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

1 presentations by Parties or Counsel to or in court or in other settings that might reveal
2 Protected Material.

3     4.   <u>DURATION</u>

4     Even after the termination of this Action, the confidentiality obligations imposed by this
5 Order shall remain in effect until a Designating Party agrees otherwise in writing or a court
6 order otherwise directs.

7     5.   <u>DESIGNATING PROTECTED MATERIAL</u>

8     5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.
9 Each Party or non-party that designates information or items for protection under this Order
10 must take care to limit any such designation to specific material that qualifies under the
11 appropriate standards.  A Designating Party must take care to designate for protection only
12 those parts of material, documents, items, or oral or written communications that qualify —
13 so that other portions of the material, documents, items, or communications for which
14 protection is not warranted are not swept unjustifiably within the ambit of this Order.

15     Mass, indiscriminate, or routinized designations are prohibited.  Designations
16 that are shown to be clearly unjustified, or that have been made for an improper purpose
17 (e.g., to unnecessarily encumber or retard the case development process in the Action, or to
18 impose unnecessary expenses and burdens on another Party), expose the Designating
19 Party to sanctions.

20     If it comes to a Party's or a non-party's attention that information or items that it
21 designated for protection do not qualify for protection at all, or do not qualify for the level of
22 protection initially asserted, that Party or non-party must promptly notify all other parties that
23 it is withdrawing the mistaken designation.

24     5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in
25 this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated
26 or ordered, material that qualifies for protection under this Order must be clearly so
27 designated before the material is disclosed or produced.

28     Designation in conformity with this Order requires:

1               (a)     for information in documentary form (apart from transcripts of

2    depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

3    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of

4    each page that contains protected material.  If only a portion or portions of the material on a

5    page qualifies for protection, the Producing Party also must clearly identify the protected

6    portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

7    portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

8    CONFIDENTIAL – ATTORNEYS' EYES ONLY").

9               A Party or non-party that makes original documents or materials

10   available for inspection need not designate them for protection until after the inspecting Party

11   has indicated which material it would like copied and produced.  During the inspection and

12   before the designation, all of the material made available for inspection shall be deemed

13   "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  After the inspecting Party has

14   identified the documents it wants copied and produced, the Producing Party must determine

15   which documents, or portions thereof, qualify for protection under this Order, then, before

16   producing the specified documents, the Producing Party must affix the appropriate legend

17   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of

18   each page that contains Protected Material.  If only a portion or portions of the material on a

19   page qualifies for protection, the Producing Party also must clearly identify the protected

20   portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

21   portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

22   CONFIDENTIAL – ATTORNEYS' EYES ONLY").

23              (b)     for testimony given in deposition or in other pretrial or trial

24   proceedings, that the Party or non-party offering or sponsoring the testimony identify on the

25   record, before the close of the deposition, hearing, or other proceeding, all Protected

26   Material, and further specify any portions of the testimony that qualify as "HIGHLY

27   CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to identify separately

28   each portion of testimony that is entitled to protection, and when it appears that substantial

portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 court days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 30 court days shall be covered by the provisions of this Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

5.3     Inadvertent Failures to Designate.  The inadvertent or unintentional production by any party, or any third party subject to an obligation of confidentiality, of confidential material or information without designating such material or information as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to that specific information or as to any other information.  In the event that a party discovers that it or a third party subject to an obligation of confidentiality inadvertently or unintentionally provided confidential information without designation, that party shall promptly, by letter sent to opposing counsel, designate all documents or portions thereto containing such information as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" subject to the protections of this Stipulated

1    Protective Order and the opposing parties promptly shall so mark such documents.  If

2    inadvertently or unintentionally provided confidential information has been disclosed by the

3    opposing parties in any filing, motion, hearing, trial or proceeding, then the opposing parties,

4    after being duly notified by letter, shall, to the extent necessary designate all documents or

5    portions containing such information as "Confidential" or "Highly Confidential -- Attorneys'

6    Eyes Only".  To the extent this confidential information was submitted in a filing or motion,

7    the party submitting the filing shall cooperate in any motion or request to the Court to seal

8    such information, in accordance with the Court's rules and procedures.

9         The inadvertent or unintentional production of documents genuinely subject to

10   work product immunity, trade secret immunity, or the attorney-client privilege shall not

11   constitute a waiver of the immunity or privilege, provided that the producing party (or the

12   party holding the privilege or immunity if produced by a third party such as an outside law

13   firm) promptly after learning of the production notifies the receiving party in writing of such

14   inadvertent production.  No party to this Action thereafter shall assert that such inadvertent

15   disclosure alone waived any privilege or immunity.  Absent court order or agreement of the

16   parties to the contrary, no use shall be made of such documents during deposition, at trial, or

17   in any filing or motion, nor shall they be shown to anyone who was not given access to them

18   prior to the request to return or destroy them.  The receiving parties will return such

19   inadvertently produced items and all copies within seven (7) days of the earliest of (a)

20   discovery by the receiving party of its inadvertent production, or (b) receiving a written

21   request from the producing party for the return of such items.  The return of such items shall

22   not be construed as an agreement by the returning party that the information is, in fact,

23   protected by any privilege or immunity.  The receiving party, having so returned the items,

24   may thereafter seek production of any such documents in accordance with the Federal Rules

25   of Civil Procedure (without asserting waiver based solely on their inadvertent production).

26   Nothing in this Stipulated Protective Order shall be construed to require the production of any

27   information, document, or thing that a party contends is protected from disclosure by any

28   privilege or immunity.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Any party may object to the designation of particular "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within twenty (20) days after the time that the notice is received, it shall be the obligation of the party designating the information as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" to file and serve, within thirty (30) days that the notice is received, a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in  Section 6.2 above and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.  If the designating party fails to file such a motion within the prescribed time, the disputed material and information shall lose its designation as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" and shall not thereafter be treated as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" in accordance with the Stipulated Protective Order.

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with Outside Counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the

1   basis for the chosen designation.  A Designating Party may proceed to the next stage of the

2   challenge process only if it has engaged in this meet and confer process first.

3        7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

4        7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

5   disclosed or produced by another Party or by a non-parry in connection with this case only

6   for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may

7   be disclosed only to the categories of persons and under the conditions described in this

8   Order. When the Action has been terminated, a Receiving Party must comply with the

9   provisions of Section 11 below (FINAL DISPOSITION).

10        Protected Material must be stored and maintained by a Receiving Party at a

11   location and in a secure manner that ensures that access is limited to the persons authorized

12   under this Order.

13        7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise

14   ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

15   disclose any information or item designated CONFIDENTIAL only to:

16        (a)   the Receiving Party's Outside Counsel of record in this Action, as

17   well as employees of said Outside Counsel to whom it is reasonably necessary to disclose

18   the information for this Action and who have signed the "Agreement to Be Bound by

19   Protective Order" that is attached hereto as Exhibit A;

20        (b)   the officers, directors, and employees (including House Counsel)

21   of the Receiving Parry to whom disclosure is reasonably necessary for this Action and who

22   have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

23        (c)   Experts (as defined in this Order) of the Receiving Party to whom

24   disclosure is reasonably necessary for this Action and who have signed the "Agreement to

25   Be Bound by Protective Order" (Exhibit A);

26        (d)   the Court and its personnel;

27        (e)   court reporters, their staffs, and professional vendors to whom

28   disclosure is reasonably necessary for this Action and who have signed the "Agreement to

1  Be Bound by Protective Order" (Exhibit A);

2        (f)      during their depositions, witnesses in the Action to whom

3  disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by

4  Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to

5  depositions that reveal Protected Material must be separately bound by the court reporter

6  and may not be disclosed to anyone except as permitted under this  Order.

7        (g)      the author of the document or the original source of the

8  information.

9        7.3      Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"

10  Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the

11  Designating Party, a Receiving Party may disclose any information or item designated

12  "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

13        (a)      The Receiving Party's Outside Counsel of record in this Action, as

14  well as employees of said Outside Counsel to whom it is reasonably necessary to disclose

15  the information for this Action and who have signed the "Agreement to Be Bound by

16  Protective Order" that is attached hereto as Exhibit A;

17        (b)      House Counsel of a Receiving Party (1) to whom disclosure is

18  reasonably necessary for this Action, and (2) who has signed the "Agreement to Be Bound

19  by Protective Order" (Exhibit A);

20        (c)      Experts (as defined in this Order) (1) to whom disclosure is

21  reasonably necessary for this Action, (2) who have signed the "Agreement to Be Bound by

22  Protective Order" (Exhibit A),  and (3) as to whom the procedures set forth in Section 7.4

23  below, have been followed;

24        (d)      The Court and its personnel;

25        (e)      Court reporters, their staffs, and Professional Vendors to whom

26  disclosure is reasonably necessary for this Action and who have signed the "Agreement to

27  Be Bound by Protective Order" (Exhibit A); and

28        (f)      the author of the document or the original source of the

1   information.

2      7.4  <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL—</u>

3   <u>ATTORNEYS' EYES ONLY" Information or Items to "Experts"</u>

4         (a)  Unless otherwise ordered by the Court or agreed in writing by the

5   Designating Party, a Receiving Party that seeks to disclose to an "Expert" (as defined in this

6   Order) any information or item that has been designated "HIGHLY CONFIDENTIAL—

7   ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that

8   (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party

9   seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the

10  address of his or her primary residence, (3) attaches a copy of the Expert's current resume,

11  (4) identifies the Expert's current employer(s), (5) identifies (by name, address, telephone

12  number and dates of service) each person or entity from whom the Expert has received

13  compensation for work in his or her areas of expertise or to whom the expert has provided

14  professional services at any time during the preceding five years,  (6) identifies (by name and

15  number of the case, filing date, and location of court) any litigation in connection with which

16  the Expert has provided any professional services during the preceding five years, and (7)

17  describes the nature of any relationship (purpose and length of relationship) that the Expert

18  has or has had with any Party to this Action .

19        (b)  A Receiving Party that makes a request and provides to the

20  Designating Party the information specified in Section 7.4 (a) above may disclose the subject

21  Protected Material to the identified Expert unless, within seven court days of making the

22  request, the Receiving Party receives a written objection from the Designating Party.  Any

23  such objection must set forth in detail the grounds on which it is based.

24        (c)  A Receiving Party that receives a timely written objection must

25  meet and confer with the Designating Party (through direct voice to voice dialogue) to try to

26  resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the

27  disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in

28  compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to

make the disclosure to the Expert. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm to the Designating Party that the disclosure would entail, and suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR PROCEEDINGS.</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party in writing (by fax, if possible) immediately and in no event more than ten court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party or parties in the other litigation that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this Action an opportunity to try to protect its confidentiality interests in the court from which the

subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.  If, within fifteen (15) days, the Designation Party fails to move for a protective order or otherwise cause to be suspended the obligations of the party receiving the subpoena to produce such documents, the party receiving the subpoena may produce responsive documents.

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    FILING PROTECTED MATERIAL.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.    FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final termination of this Action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by

1   category, where appropriate) all the Protected Material that was returned or destroyed and

2   that affirms that the Receiving Parry has not retained any copies, abstracts, compilations,

3   summaries or other forms of reproducing or capturing any of the Protected Material.

4   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

5   pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work

6   product, even if such materials contain Protected Material.  Any such archival copies that

7   contain or constitute Protected Material remain subject to this Order as set forth in Section 4

8   (DURATION) above.

9       12.   <u>MISCELLANEOUS</u>

10          12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

11   person to seek its modification by the Court in the future.  The Parties may by stipulation

12   provide for exceptions to this Order, provided that such stipulation is presented to the Court

13   as a Consent Order, and any Party may seek an order of this Court modifying or interpreting

14   this Order.

15          12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

16   Order, no Party waives any right it otherwise would have to object to disclosing or producing

17   any information or item on any ground not addressed in this Order.  Similarly, no Party

18   waives any right to object on any ground to use in evidence of any of the material covered by

19   this Order.

20          12.3   <u>Enforcement</u>

21          In the event anyone shall violate or threaten to violate the terms of this

22   Stipulated Protective Order, subject to meet and confer obligations in the Court's Local

23   Rules, the aggrieved party may apply to obtain injunctive relief against any such person, and

24   in such event, the respondent, subject to the terms of this Order, shall not employ as a

25   defense thereto the claim that the aggrieved party possesses an adequate remedy at law.

26   The parties and any other person subject to the terms of this Order agree that this Court

27   shall retain jurisdiction over the Order and the parties for the purpose of enforcing the Order.

28   The prevailing party regarding any dispute concerning the terms or enforcement of this

1   Protective Order shall be entitled to the costs and reasonable attorneys' fees it incurred.

2          12.4   No Contract

3          This Stipulated Protective Order is not a contract or agreement between the

4   parties, and creates no private rights of any sort in any person.  It is an Order of the Court

5   which can be amended or altered at any time by the Court for good cause.

6          12.5   No Waiver

7          Nothing in this Stipulated Protective Order, or the taking of any action in

8   accordance with the provisions of this Order, or the failure to object thereto, shall be

9   construed as a waiver or admission of any claim or defense in the Action.  The failure to

10  object to a designation shall not constitute an admission by the receiving party that the

11  designated information is in fact trade secret or proprietary information.  This Protective

12  Order shall not in any way limit what a party may do with its own documents or information.

13  Nothing in this Order shall be deemed to preclude a party from seeking and obtaining, on an

14  appropriate showing, different or additional protections or relief regarding matter designated

15  as containing "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information.

16

17
    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD
18

19  DATED: _____          _____

20                                        TOWNSEND AND TOWNSEND AND CREW
                                          LLP
21                                        JAMES G. GILLILAND, JR. (State Bar No.
                                          107988)
22                                        TIMOTHY R. CAHN (State Bar No. 162136)
                                          ANGUS M. MACDONALD (State Bar No.
23                                        212526)
                                          Two Embarcadero Center, 8th Floor
24                                        San Francisco, California  94111
                                          Telephone:  (415) 576-0200
25                                        Facsimile:  (415) 576-0300
                                          Email:  jggilliland@townsend.com,
26                                        trcahn@townsend.com,
                                                  ammacdonald@townsend.com
27
                                          JENNIFER Y. LIU (State Bar No. 164618)
28                                        JAMES Y. LEONG (State Bar No. 110860)

STIPULATED PROTECTIVE ORDER
Case No. C 04-4200 CW                                                              14

1                                SONY COMPUTER ENTERTAINMENT
                                 AMERICA INC.

2                                919 East Hillsdale Boulevard, 2nd Floor
                               Foster City, California 94404

3                                Telephone:  (650) 655-8000
                               Facsimile:  (650) 655-8042

4                                Email:  Jennifer_Liu@playstation.sony.com,
                               Jim_Leong@playstation.sony.com

5

6                                Attorneys for Plaintiff SCEA

7
DATED:  _____        _____

8

9                                RICHARD J. NELSON (State Bar No.
                               141658

10                                SIDEMAN & BANCROFT LLP
                               One Embarcedero Center, 8th Floor

11                                San Francisco, California  94111
                               Telephone:    415-392-1960

12                                Facsimile:    415-392-0827
                               Email:        rnelson@sideman.com

13                                PATRICIA B. CUNNINGHAM  (*Pro Hac Vice*)
                               SUTHERLAND ASBILL & BRENNAN LLP

14                                999 Peachtree Street NE
                               Atlanta, Georgia  30309

15                                Telephone:    404-853-8000
                               Facsimile:    404-853-806

16                                Email:
                                       patricia.cunningham@sablaw.com

17

18                                DAVID E. WESLOW (*Pro Hac Vice*)
                               SUTHERLAND ASBILL & BRENNAN LLP

19                                1275 Pennsylvania Avenue, NW
                               Washington, DC

20                                Telephone:    202-383-0100
                               Facsimile:    202-637-3593

21                                Email: david.weslow@sablaw.com

22                                Attorneys for Defendants
                               DIVINEO, INC. and FREDERIC LEGAULT

23

24 PURSUANT TO STIPULATION, IT IS SO ORDERED, **BUT SEE LOCAL RULE 79-5.**

25              7/5/05                 /s/ CLAUDIA WILKEN
DATED:  _____

26                                Honorable Claudia Wilkin
                               United States District/Magistrate Judge

27

28
60567578 v1

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

I, _____ [print or type full name], of _____

4

[print or type full address], declare under penalty of perjury that I have read in its entirety and

5

understand the Stipulated Protective Order (the "Order") that was issued by the United

6

States District Court for the Northern District of California on [date] in the case of *Sony*

7

*Computer Entertainment America Inc. v. Divineo, Inc., et al.*, Case No. C-04-4200-CW  (the

8

"Action").  I agree to comply with and to be bound by all the terms of this Order and I

9

understand and acknowledge that failure to so comply could expose me to sanctions and

10

punishment in the nature of contempt. I solemnly promise that I will not disclose in any

11

manner any information or item that is subject to this Order to any person or entity except in

12

strict compliance with the provisions of this Order.

13

I further agree to submit to the jurisdiction of the United States District Court for

14

the Northern District of California for the purpose of enforcing the terms of this Order, even if

15

such enforcement proceedings occur after termination of this Action.

16

I hereby appoint _____ [print or type full name] of _____

17

_____ [print or type full address and telephone number] as

18

my California agent for service of process in connection with this Action or any proceedings

19

related to enforcement of this Order.

20

21

Date: _____

22

City and State where sworn and signed: _____

23

Printed name: _____

24

[printed name]

25

Signature: _____

26

[signature]

27

60567578 v1

28

STIPULATED PROTECTIVE ORDER
Case No. C 04-4200 CW